E. B. ERWIN *et al., Plaintiffs in Error,* v. M. L. DEKLE, *Defendant in Error.*

1. Where in an action of ejectment an agreement is entered into between the parties that the plaintiff shall dismiss the suit as to a parcel of land not described in the declaration, such an agreement constitutes no estoppel which prevents the defendant in the first suit from claiming the said land in a second suit, wherein he is plaintiff and plaintiff in the first suit, is the defendant.

2. As a general rule an action of ejectment cannot be supported resting solely on a mere equitable estoppel in pais.

3. Every fact essential to an estoppel in pais must be clearly and satisfactorily proved.

This case was decided by Division B.

Writ of Error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Calhoun & Campbell,* for Plaintiff in Error;

*Paul Carter,* for Defendant in Error.

HOCKER, J.—The defendant in error brought an action of ejectment in the circuit court of Jackson county to recover of the plaintiff and others the N. W. 1/4 of the S. E. 1/4 of Section 25, Tp. 6 N., R. 11 West. E. B. Erwin filed the plea of not guilty, upon which issue was joined. Upon the trial an affirmative charge was given to the jury by the court in favor of Dekle, and a verdict and judgment rendered in accordance therewith. From this judgment Erwin is here on writ of error. Plaintiff Dekle under-

took to show title to the land in a number of conveyances, but it is contended here by Erwin that there was a failure to show title either in the government or from one in prior possession, and this contention seems to be admitted. But certain other documents were put in evidence by the plaintiff below, and on these the affirmative charge was based. The first of them was the following declaration:

"In the Circuit Court of Jackson County,
First Judicial Circuit of Florida.

J. O. Schwing,

v.

M. L. Dekle.

J. O. Schwing by his attorney, sues M. L. Dekle in an action of ejectment because the defendant is in possession of a certain tract or parcel of land situate, lying and being in the county of Jackson, State of Florida as described as follows, to-wit: West half of the northeast quarter of section 6, township 5, range 10 north and west, and the northeast quarter of the southeast quarter of section 26, township 6, range 11, containing 120 acres more or less, in which the plaintiff claims title and the defendant has received the rents and profits of said lands since the year 1900, of the yearly value of $150.00 per annum, and refuses to deliver possession of said lands to the plaintiff or to pay him the profits thereof. Wherefore the plaintiff sues for title and possession and for $600.00 mesne profits.

John M. Calhoun,

Attorney for Plaintiff."

12/17/06.

The plaintiff then introduced the following agreements which were filed in the suit of Schwing v. Dekle:

"And the plaintiff to further maintain the issues on his part offered in evidence the agreements made between

counsel in said case, which agreements were in the words and figures following:

First Judicial Circuit of Florida,
Circuit Court of Jackson County.
Amelia M. Schwing et al.,
                    Plaintiffs,

        v.

M. L. Dekle,
                    Defendant.

It is agreed between the parties hereto that the above case be compromised and settled as follows: That a judgment be rendered in favor of the defendant for the northwest quarter of the southeast quarter of section twenty-five, township six, range eleven: and that a judgment be rendered in favor of the plaintiffs for the west half of the northeast quarter of section six, township five, range ten all north and west, Jackson county, Florida.

It is further agreed that the plaintiffs pay the defendant, M. L. Dekle, $150.00 for the improvements on said last named land: that the above case be continued until some day in the present term of court until said compromise can be submitted to Ed. L. Prince for ratification, and is made subject to the ratification of said Ed. L. Prince.

In the event said compromise is not agreed upon by said Ed. L. Prince either party may call said case up during the present term of court upon three days written notice.

In the event said compromise is effected, each party agrees to pay one-half of the actual cost in the case not including attorneys fees.
June 18, 1908.

                    J. M. Calhoun, Attorney for Plaintiffs.
                    M. L. Dekle, Defendant."

"First Judicial Circuit of Florida,
          Circuit Court of Jackson County.
Mary F. Schwing, Amelia M. Schwing,
Carrie E. Prince, Georgia F. Kreeger,
Mathilda Schwing, Sarah Schwing,
          Plaintiffs.

          v.

M. L. Dekle,
          Defendant.

Now at this came the respective parties by their attorney and in open court consent and agree that judgment in form following be entered in this case, viz.: by consent of parties hereto, it is considered by the court that the plaintiff have and recover of and from the defendant, the following lands sued for herein, to-wit: west half of east quarter, section six, township five north, range ten, Jackson county, Florida. That the plaintiffs take nothing for mesne profits for said land and that the defendant have and recover of and from the plaintiffs the sum of one hundred and fifty dollars for betterments and improvements put upon said lands by said defendant and that this suit be dismissed as to the northwest quarter of the southeast quarter of section twenty-five, township six north, range eleven west, Jackson county, Florida. It is further ordered that the plaintiffs pay all costs incurred by them as plaintiffs' costs in the case and that the defendant pay all costs incurred by him as defendant's cost and that execution issue in due form therefor and for the aforesaid sum of one hundred and fifty dollars in favor of the defendant. Execution to be stayed sixty days from this date.

November 18, 1908.
                    J. M. Calhoun,
                         Attorney for Plaintiffs.
                    Liddon & Carter,
                         Attorneys for Defendant."

The plaintiff Dekle testified in this case that when the former suit was brought by Schwing an old negro named Spires was in possession of the land in controversy, and was still in possession when this suit was brought. He seems to have rented the land from E. R. Erwin as agent for J. O. Schwing.

The court granted a motion to strike out all the testimony of Defendant Erwin "upon the ground that he was estopped from disputing plaintiffs' title by reason of the defendant's having once brought an ejectment suit and dismissed it," and instructed the jury to find a verdict for the plaintiff. This action of the court is assigned as error. Though both of these agreements were filed in the case of Schwing v. Dekle, it does not appear in the record before us that any judgment pursuant to either one was ever entered. Moreover the first one was made subject to ratification by Ed. L. Prince, and the last seems to have been a substitute for the first. By the first a judgment for defendant Dekle was to be entered for the land now in controversy. By the second the suit was to be "dismissed as to the said land, viz.: the northwest quarter of the southeast quarter of section twenty-five, Tp 6 North, Range 11 West." How this piece of land was brought into the suit does not appear for it was not described in the declaration. In this second agreement there is no recognition of any right of Dekle in the land in controversy. It is simply an agreement to dismiss the suit as to this land, which as we have seen, is not embraced in the suit. The mere agreement to dismiss a suit, or a dismissal of it, does not ordinarily confer any rights in the defendant in the subject of controversy. 6 Ency. Pl. & Pr., 986. It seems very probable from the evidence that the land was not then, nor had it ever been in the possession of Dekle. A negro named Joe Spiers was in possession under some

sort of an agreement of the agent of Schwing or by his permission. It may be that in a few cases an action of ejectment may be based on a title by estoppel, as where a grantor conveys land with warranty of title to which he has no title, but subsequently to a grant by him he acquires a good title. In this case the title subsequently acquired inures by estoppel to the benefit of his grantee. So too, where a defective title is conferred by Act of Congress as in Stoddard v. Chambers, 2 How. (U. S.) 284. But unquestionably the general rule is that ejectment cannot be supported resting solely on a mere equitable estoppel in pais. Sedgwick & Wait on Trial of Title to Land (2nd ed.) section 798a; 16 Cyc., 725. We can discover in this agreement none of the elements of an estoppel by deed, record, contract, or an estoppel in pais. There is no express disclaimer of interest in the land, nor any evidence of fraud, deceit or misrepresentation. Every fact is essential to an estoppel in pais must be clearly and satisfactorily proved. 16 Cyc., 812. In order to create an estoppel the instrument by which the estoppel is claimed must be precise and certain and the intention clear and unambiguous. Id. p. 709. As to whether an estoppel in pais can be made the ground for an action of ejectment, see Bigelow (5th ed.) p. 712 *et seq.* We think the judge below erred in giving the affirmative charge, and therefore the judgment is reversed and a new trial awarded.

TAYLOR and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.