76 So.2d 291 (1954)
FLORIDA LIVESTOCK BOARD, a Body Corporate, Appellant,
v.
W.G. GLADDEN, Appellee.
Supreme Court of Florida. Special Division A.
December 10, 1954.
Richard W. Ervin, Atty. Gen., Ralph M. McLane, Asst. Atty. Gen., Silas R. Stone, Port St. Joe, for appellant.
Wayne E. Ripley, Jacksonville, for appellee.
MURPHREE, Associate Justice.
Viscular Exanthema, a contagious hog disease, was discovered in Appellee's herd on August 18, 1953. The Florida Livestock Board proceeded to petition the Circuit Court under F.S. chapter 585, F.S.A. to have the hogs submitted for appraisal and destroyed. After a hearing the Court ordered destruction of the affected hogs and entered judgment against the Board in Appellee's favor for $12,562.46.
*292 Appellant has appealed from that judgment on the basis that Appellee was not entitled to compensation because he had fed uncooked garbage to his hogs, contrary to Chapter 28313 Laws of Florida 1953, F.S. §§ 585.48-585.59, F.S.A., after the act became effective on August 4, 1953. Portions of the act pertinent here are as follows:
"Section 4. It shall be unlawful * * * to feed garbage to animals unless such garbage has been heated, cooked, treated or processed under such temperature, pressure, process or method, and for such a period of time as is necessary to render the same free of any infectious or contagious disease which might either affect the domestic animals of this State or the citizens of this State. The State Live Stock Sanitary Board of Florida is authorized to promulgate rules and regulations covering the method of heating, cooking, treating or processing, and to prescribe the temperature and time for such heating, cooking, treating and processing as may be determined by scientific research; * * *."
"Section 5. * * * On and after the passage of this act, no person, firm, partnership or corporation shall feed garbage without first having applied for and obtained a permit from the State Live Stock Sanitary Board of Florida. * * *"
"Section 15. * * * Any person violating the provisions of this act shall, upon conviction, be guilty of a misdemeanor and punished according to law."
"Section 16. Any person, firm or corporation violating the provisions of this Act shall not be allowed to recover compensation from the Florida Live Stock Board for the confiscation or destruction of any hogs fed uncooked garbage."
Appellee insists upon his right to compensation for the confiscation of his hogs because the Board, as authorized, promulgated certain regulations specifying just how one should cook garbage in order to comply with the act, and fixed August 15, 1953 as the effective date thereof, and that in reliance upon the deadline so fixed by the Board Appellee started cooking his garbage in strict compliance with the regulations two or three days before the fifteenth.
Such conflict of viewpoints brings into focus these questions: Was the effective date of the act legally postponed to August 15 by the regulations of the Board? If not, was the Board estopped to contend to the contrary?
From his order, it would seem that the distinguished Circuit Judge answered both questions in the affirmative. He said:
"This Court is of the opinion that under the circumstances here the Board had the power under the statute to fix the effective date at which owners of hogs should begin cooking garbage at August 15, 1953. The Respondent did not begin cooking garbage until about nine days after the effective date of said Act of 1953, Chapter 28313, but he did begin cooking two days before the effective date fixed by the rules and regulations at August 15, 1953. It would not have been possible for him to cook garbage to comply with said regulations as to the manner and time of cooking, temperature, etc., before he was apprized of the provisions of said regulations, and it appears that he was not required to comply with these regulations before the effective date thereof. The Board by fixing the effective date of the regulations as August 15, 1953, is precluded from asserting that the Respondent, who began cooking garbage two days before that date, should not be paid the appraised value of his hogs. * * *"
*293 In view of the fact that the said act is penal in nature and provides for the confiscation of private property without compensation, it should be construed liberally in favor of the individual as against the government. See 50 Am.Jur. 424, Sec. 400, and 430, Sec. 407.
Considered in that light, it is fair to say that the Legislature recognized that in order for the act to become effective it would be necessary for the Board to implement it by the promulgation of suitable regulations to inform those affected just how they must process their garbage. Until this was done the act was incomplete.
As a practical matter, it was necessary for the Board to defer for a reasonable time the deadline for compliance with the act, as implemented by the regulations, in order to allow those feeding garbage to first obtain the required permit, Sec. 5, supra, and thus avoid violating the act. For illustration, in the present case when Appellee applied for a permit an agent of the Board inspected his processing set up on or about August 10, but the permit was not issued in Tallahassee until August 18.
We hold, therefore, that the Board, under the circumstances of this case did not unlawfully usurp the prerogative of the Legislature by postponing the effective date of the act from August 4 to August 15, but acted within the scope of its implied authority in so doing.
In McSween v. State Live Stock Sanitary Board of Florida, 97 Fla. 749, 122 So. 239, 246, 125 So. 704, 65 A.L.R. 508, this Court recognized that rules and regulations of an administrative agency, made under power conferred by the statute, have the force and effect of the statute, "if within the scope and intent of the authority conferred by statute, and reasonable and just with reference to all rights materially affected thereby, and are in accord with applicable organic provisions and limitations."
From what has been written, it is not necessary to belabor the estoppel theory in order to dispose of this appeal. Suffice it to say that we agree with the the lower court in invoking the doctrine of estoppel against the Board in this case. To allow the Board through its own regulations to advertise to the hog farmers of the state that they had until August 15 to start cooking garbage in order to comply with the said act, and for the Board to thereafter take the position that it was without authority to extend the effective date of the act from the fourth to the fifteenth, would be tantamount to the perpetration of a fraud by an administrative agency of the State against one of its citizens. This the courts should not countenance.
This Court has on numerous occasions recognized that equitable estoppel will be invoked against the State when justified by the facts. See Daniell v. Sherrill, Fla., 48 So.2d 736, 23 A.L.R.2d 1410; City of Winter Haven v. State ex rel. Landis, 125 Fla. 392, 170 So. 100, and other Florida cases therein cited. See also annotation in 1 A.L.R.2d 338 under the heading "Estoppel  Governmental Bodies", and 19 Am.Jur. 818, Sec. 166.
The judgment of the lower court is affirmed.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.