QUESTION: What is the maximum ratio of apprentices to journeymen which may be maintained in an apprenticeship program registered with the Bureau of Apprenticeship under Ch. 446, F. S., and rules and regulations promulgated thereunder?
SUMMARY: The maximum ratio of apprentices to journeymen is determined by Rule 8C-16.05(2)(g), F.A.C., to be one apprentice for every three journeymen, and such rule should be given effect until declared otherwise by a court of competent jurisdiction. The public policy of the State of Florida has been expressed by the Legislature to include providing educational opportunities and training for trades and occupations which have traditionally involved apprenticeship programs. Section 446.011, F. S. To this extent, such apprenticeship programs are to be encouraged and are found to serve a valid public purpose as expressed through the enactment of Ch. 446, F. S., as amended by Ch. 75-287, Laws of Florida. Section 446.041, F. S., establishes within the Division of Labor of the Department of Commerce a Bureau of Apprenticeship which has the duty to supervise all apprenticeship programs registered with the bureau by administering laws relating to apprenticeship and labor standards and by registering apprenticeship programs which meet the standards developed by the Department of Commerce. Section 446.041(2). The bureau also conducts studies to determine training standards for apprenticeship programs and, based upon those studies, the Department of Commerce establishes "uniform apprenticeship standards which shall not be limited to traditional training standards or traditional apprenticeable occupations." Section446.041(3). Section 446.101, F. S., as amended, deals specifically with ratios of apprentices to journeymen, to which your questions refer, on state, county, or municipal contracts. In adopting and authorizing such ratios, the Legislature expressed its intent to "promote the furtherance of labor standards necessary to safeguard the welfare of apprentices or trainees." Section 446.101(1). An "apprentice" is defined to mean a person registered in an apprenticeship program registered with the Bureau of Apprenticeship and "journeyman" is defined to mean a person working in an apprenticeable occupation who has successfully completed a registered apprenticeship program or has demonstrated proficiency in all phases of that occupation. Section 446.101(2)(d) and (h). In any state, county, or municipal contract in excess of $25,000, except contracts for the construction, repair, or maintenance of public roads or highways, the contractor must agree, among other things, that "he will hire for the performance of the contract a number of apprentices in each occupation which bears to the average number of the journeymen in that occupation to be employed in the performance of the contract, the ratio of at least 1 apprentice or trainee to every 5 journeymen." Section 446.101(3)(a)1., F. S. In addition, on-the-job training programs authorized for persons other than apprentices under s. 446.091, F. S., shall only be established which meet and conform to this ratio requirement. Section 446.101(3)(a)3., F. S. Thus, a minimum ratio is clearly established calling for at least one apprentice for every five journeymen. Your question, however, deals with maximum ratios which may have been established. Pursuant to its authority concerning the establishment of training standards for apprenticeship programs, discussed above, the Department of Commerce has adopted Rule 8C-16.05(2)(g), F.A.C. [formerly 8AA-1.05(2)(g), F.A.C.], which reads: The ratio of apprentices to journeymen (shall be) consistent with proper supervision, training, and continuity of employment or applicable provisions in collective bargaining agreements, but in a ratio of not more than one apprentice to the employer in each apprenticeable occupation, and one apprentice for each three journeymen thereafter; (Emphasis supplied.) Thus, while s. 446.101, supra, requires at least one apprentice for every five journeymen as a minimum ratio, there is no maximum ratio established by statute. Yet as a means of establishing appropriate training standards for apprenticeship programs which will provide for "proper supervision," the Department of Commerce has established a maximum ratio of one apprentice to every three journeymen by rule. It is a well-accepted rule of law that a valid rule or regulation of an administrative agency has the force and effect of law. McSween v. State Live Stock Sanitary Board, 122 So. 239 (Fla. 1929). If an administrative rule is within the scope and intent of an agency's authority conferred by statute and is a reasonable exercise of that agency's duties and powers, such rule carries the force and effect of a state statute. Florida Livestock Board v. Gladden,76 So.2d 291 (Fla. 1954). Nevertheless, in addressing the instant question it should be pointed out that the former Secretary of the Department of Commerce directed a similar question to this office in August, 1974, prior to the revision of Rule 8C-16.05(2)(g), F.A.C. [formerly 8AA-1.05(2)(g), F.A.C.], in September 1974. While our research at that time indicated there was doubtful statutory authority for the adoption of a rule revision establishing a maximum ratio of apprentices to journeymen, the opinion request was withdrawn prior to the issuance of a formal opinion on this matter. See opinion request number 8355, dated August 12, 1974. Further, it has been previously stated in AGO 073-489 that an administrative agency of the state must have specific statutory authority in order to promulgate rules and regulations. The Florida Supreme Court has held that: Administrative authorities are creatures of statute and have only such powers as the statute confers on them. Their powers must be exercised in accordance with the statute bestowing such powers, and they can act only in the mode prescribed by statute. [Edgerton v. International Company, Inc., 89 So.2d 488 (Fla. 1956).] Thus, the fact that there is no specific statutory authorization for the establishment of maximum ratios would appear to raise serious questions concerning the validity of Rule 8C-16.05(2)(g), F.A.C., since it does not appear that specific statutory authority exists for the adoption of such rule. However, until declared otherwise by a court of competent jurisdiction, on the basis of the points noted above and in answer to the instant question, Rule 8C-16.05(2)(g), F.A.C., does establish a maximum ratio of one apprentice for each three journeymen and this rule should be given effect. A definitive response to the other question posed in your letter will soon be forthcoming, following additional research and consideration.