QUESTIONS: 1. Is the status of the clerk of the circuit court, when collecting the excise tax on documents as required by s.201.11, F. S., that of an agent of the Department of Revenue? 2. If the statute classifies him as an "agent," is he required to post bond? 3. If the statute classifies him as an "agent," is he entitled to receive a commission?
SUMMARY: The clerk of the circuit court, when collecting the excise tax on documents as required by s. 201.11(2), F. S., is acting or serving as the ex officio agent of the state and the Department of Revenue for the collection of such tax. Section201.11(2) requires that the clerk as such ex officio agent be bonded as required by, and provided for in, the duly promulgated rules of the Department of Revenue. The existing rules provide that the Department of Revenue will purchase a blanket bond covering all agents collecting documentary stamp taxes with all costs associated therewith to be allocated to those agents so bonded and the cost of the coverage for each agent being deducted from any commissions due that agent. When the clerk of the circuit court collects the documentary stamp taxes for, and as the ex officio agent of, the state and the Department of Revenue, s.201.11(2), F. S., requires that he be compensated at the prescribed rate as is any other authorized agent performing the same service for the Department of Revenue. Such compensation to the clerk is income of the office of the clerk of the circuit court and not personal income of the clerk. Questions 1 and 3 are answered in the affirmative and question 2 is answered by the following discussion. Your first question asks whether a clerk of the circuit court, when collecting the excise tax on documents as required by s. 201.11(2), F. S., as amended by Ch. 74-325, Laws of Florida, and further amended by Ch. 76-199, Laws of Florida, is an agent of the Department of Revenue for the collection of the tax. The answer is clearly in the affirmative. Section 201.11(2), F. S., as amended by Ch. 76-199, Laws of Florida, provides in pertinent part: (2) The county comptroller or, if there be none, then the clerk of the circuit court, shall serve ex officio, and the Department of Revenue may appoint others, as agents for the collection of the tax imposed by this chapter [the documentary stamp tax.] . . . All agents shall be subject to audit and shall post a bond as may be required by the Department of Revenue. The Department of Revenue may purchase a blanket bond; however, all costs associated with such a bond shall be allocated by department regulation to those agents so bonded. An agent shall be compensated onehalf of 1 percent of the value of the stamps sold as collection costs in the form of a deduction from the amount of the tax due and remitted by him . . . . (Emphasis supplied.) The material portions of s. 201.11(2), F. S., as amended by Ch. 74325, are identical with the above-quoted provision from the 1976 amendatory act. The punctuation of the statutory language makes it clear that the phrase "as agents" relates to the verb phrase "shall serve." In relation to the clerk of the circuit court (or the county comptroller), the statute should be read, and in fact does read, as though it stated that the clerk shall serve ex officio as the agent (of the state) for the collection of the documentary stamp tax. Prior to revision in 1974, s. 201.11(2), F. S., provided only that the Department of Revenue "may appoint agents" (Emphasis supplied.) for the collection of the documentary stamp tax, i.e., it authorized the department to appoint such agents. Even though clerks of the circuit courts were appointed to be agents of the Department of Revenue for the collection of the tax under s. 201.11(2), F. S. 1973, there was no statutory requirement that the clerks accept the appointment or collect the tax. Cf. s. 201.12, F. S., and Rules 12A- 4.01(2) and 12A-4.07, F.A.C., relating to the clerk's duty to report to the department the names and addresses of anyone failing to have affixed the required amount of stamps on any instruments recorded in the clerk's office, and s. 201.01, F. S. But if a clerk did accept such appointment, he was clearly acting as the agent of the Department of Revenue for the collection of the stamp tax. This is evidenced by the statutory language, "[t]he department of revenue may appoint agents" (Emphasis supplied.), and by the rules of the Department of Revenue interpreting the statutes. Rule 12A-4.01(3)(a), F.A.C., revised August 18, 1973, and adopted before the statutory revision of s. 201.11(2), F. S., in 1974, defines "Stamp Tax Agent" to mean "[t]he several Clerks of Circuit Court and other persons or firms authorized by the Department to collect documentary stamp tax," (Emphasis supplied.) and Rule 12A4. 01(6)(a), F.A.C., states that "[t]he law authorizes the appointment of agents for the collection of the tax." Also see Rule 12A-4.01(7), F.A.C., providing that the "clerk's" consignment account shall not exceed his bond and stipulating the procedures to be followed in closing out stamp accounts of clerks. Upon the revision of s. 201.11(2), F. S., in 1974, pursuant to Ch. 74-325, Laws of Florida, and the amendatory provisions enacted by Ch. 76-199, Laws of Florida, the statute itself in terms now requires that the several county comptrollers or clerks of the circuit courts, as the case may be, serve as ex officio agents of the state and the Department of Revenue for the collection of the documentary stamp tax. The change in the statute did not affect the status of the clerks as agents but only affected their previous permissive status as agents. The statute, as amended, not only confers authority to act as such agents but it imposes a duty on the clerks to act and serve as the ex officio agents of the state for the collection of state taxes. That the Legislature intended in the 1974 revision for the county comptrollers or clerks of the circuit courts to continue to serve as, and have the status of, ex officio agents of the state and the Department of Revenue for the collection of the documentary stamp tax is further evinced by the title to Ch. 74-325, supra, which is an act relating to county officials. The title, among other things, specifies that the act provides for "the clerk of the circuit court to serve ex officio as agents for the collection of the excise tax on documents." (Emphasis supplied.) In addition, the above-cited definition in Rule 12A-4.01(3)(a), F.A.C., is still in effect defining "stamp tax agent" to include clerk of the circuit court. The passage of Ch. 74-325, supra, did not change the operative effect of this rule or of other Department of Revenue rules. The Department of Revenue is authorized pursuant to s.201.11(1), F. S., to issue rules and regulations to carry out the provisions of the documentary stamp tax law. Such rules were and are prima facie valid with the force and effect of law until held otherwise by the courts. See Florida Livestock Board v. W. G. Gladden, 76 So.2d 291 (1954); McSween v. State Live Stock Sanitary Board of Florida, 122 So. 239 (1929). Thus, in regard to your first question, I conclude that the circuit court clerk is acting or serving as the statutory ex officio agent of the state and the Department of Revenue for the collection of the documentary stamp tax; indeed, the statute mandates that he so serve. Your second question asks whether a clerk of the circuit court acting as an ex officio agent of the state and the Department of Revenue must post a bond. Section 201.11(2), F. S., as amended, provides that "[a]ll agents . . . shall post a bond as may be required by the Department of Revenue." (Emphasis supplied.) This section also provides that the Department of Revenue may purchase a blanket bond with all costs associated therewith to be allocated to the agents so bonded. The rules of the Department of Revenue carry out the provisions of the statute. Rule 12A-4.01(3)(a), F.A.C., states that clerks of the circuit courts are stamp tax agents. Rule 12A-4.01(6)(a), F.A.C., states that all agents shall be bonded unless on a cash basis. Rule 12A-4.08(1), F.A.C., reiterates this requirement in a provision dealing with agents' use of meter machines. Rule 12A-4.01(6)(c), F.A.C., provides that a blanket bond will be purchased by the Department of Revenue covering all agents but that the costs of such bond will be allocated to those agents so bonded, with the cost of the coverage for each agent being deducted from any commissions due that agent. Rule 12A-4.01(7), F.A.C., specifies that the clerk's consignment account shall not exceed his bond and that the bond shall be apportioned to the several accounts therein designated. Thus, I would conclude in regard to your second question that the clerk of the circuit court acting as a statutory ex officio agent of the state and the Department of Revenue is required by the duly promulgated rules of the department to be bonded as therein provided for. Your third question concerns the entitlement of the clerks of the circuit courts to the commission paid by the Department of Revenue to agents as compensation for collecting the documentary stamp taxes. Section 201.11(2), F. S., as amended, directs and requires that an agent be compensated at the prescribed rate as collection costs and that the department shall allow such compensation to such agents. See also Rule 12A-4.01(6)(b), F.A.C. Pursuant to s. 145.121(1), F. S., such commissions or compensation are deemed to be a portion of the income of the office of the clerk and not personal income of the clerk, and pursuant to s. 218.36(2), F. S., must be paid into the county general fund as part of the excess income of the office. Also see ss. 116.03, 218.36(4), and 219.06, F. S. Since the clerk of the circuit court is the ex officio agent of the state and the Department of Revenue for the collection of the state documentary stamp taxes as required by s. 201.11(2), the clerk is not only entitled to the statutorily prescribed commission or compensation, but the statute requires that he be compensated at the prescribed rate as is any other authorized agent performing the same service for the Department of Revenue. The 1976 amendment of s. 201.11(2) made by Ch. 76-199, Laws of Florida, provides that the prescribed commission or costs of collection be paid "in the form of a deduction from the amount of the tax due and remitted" by an agent and that the department allow such deduction to the agent paying and remitting the tax "in the manner as provided for by the department."