QUESTION: Is the homestead tax exemption provided for in s.196.081, F. S., as amended by Ch. 76-163, Laws of Florida, for certain permanently and totally disabled veterans limited to an amount not exceeding $10,000 of assessed valuation?
SUMMARY: The homestead tax exemption provided for in s. 196.081, F. S., as amended by Ch. 76-163, Laws of Florida, for certain permanently and totally disabled veterans is not limited to an amount not exceeding $10,000 of assessed valuation. A disabled veteran meeting all the conditions and requirements found in s.196.081 would be entitled to receive total exemption on any real estate used and owned as a homestead by such ex-serviceman. No other disabled persons may qualify for the homestead tax exemption under s. 196.081. Your question is answered in the negative. Section 196.081(1), F. S., as amended by Ch. 76-163, supra, provides: Any real estate used and owned as a homestead by a veteran, honorably discharged with service-connected total and permanent disability and having a letter from the United States Government or United States Veterans' Administration or its successors certifying that the exserviceman is totally and permanently disabled, shall be exempt from taxation, provided the veteran was a permanent resident of the state on January 1, 1976, or a permanent resident of the state for a period of not less than 5 years as of January 1 of the tax year for which exemption is being claimed. (Emphasis supplied.) Prior to amendment in 1976, said statute provided: (1) Any real estate used and owned as a homestead by an ex-serviceman, honorably discharged with service connected total and permanent disability and having a letter from the United States Government or United States Veterans' Administration or its successors certifying that the exserviceman is totally and permanently disabled due to total blindness, or from the amputation of both arms or both legs, or both hands or both feet, or the combination of a hand and a foot, or from paraplegia, osteochondtritis resulting in permanent loss of the use of both legs, or permanent paralysis of both legs and lower parts of the body, or from hemiplegia, or has permanent paralysis of one leg and one arm on either side of the body, resulting from injury to the spinal cord, skeletal structure, or brain, or from disease of the spinal cord not resulting from any form of syphilis, shall be exempt from taxation. As is readily apparent, there is no limitation on the amount of exemption in the law either as it previously existed or as it presently exists. Accordingly, there is no statutory limitation on the amount of the tax exemption provided for in s. 196.081. In your letter you have referred to several constitutional provisions which will be considered. Section 3(b), Art. VII, State Const., provides in part: There shall be exempt from taxation . . . to every widow or person who is blind or totally and permanently disabled, property to the value fixed by general law not less than five hundred dollars. (Emphasis supplied.) This provision, where pertinent to your inquiry, contains the organic authorization for the Legislature to enact general laws exempting from taxation property of totally and permanently disabled persons in an amount not less than $500. Thus, this provision is authorization for legislative action exempting property of the persons described therein but restricts such action by requiring that it be done by general law and by requiring that the amount of exemption be not less than $500. The provision contemplates legislative implementation and expressly leaves the determination of the amount of the exemption to the wisdom and discretion of the Legislature except that the amount fixed by the Legislature may not be less than $500. Section196.081, F. S. (1976 Supp.), is a general law implementing said provision as is s. 196.202, F. S., referred to in your letter. However, s. 196.202 extends to "property" and is not restricted to the specific type or classification of real property referred to in s. 196.081; that is, any real estate used and owned as a homestead. The exemption provided for in s. 196.081 is expressly limited to real estate used and owned as a homestead by a veteran, honorably discharged with service-connected total and permanent disability and having a letter from the appropriate federal governmental body certifying same, and does not extend to similarly classified property owned and used as a homestead by a nonveteran who is totally and permanently disabled or by a veteran who does not qualify under the terms of s. 196.081. The limitations found in s. 6(c), Art. VII, State Const., or s.196.031(3)(b) and (c), F. S., would not be applicable to s.196.081, F. S. (1976 Supp.). The same conclusion was reached in AGO 074-235, wherein it is stated: It should be noted that the term totally and permanently disabled is legislatively defined in a more restrictive fashion as used in ss. 196.081, 196.091, and196.101, F. S., which sections grant total exemption of homestead properties to certain veterans and others with specific kinds of disabilities, such as paraplegia and wheelchair confinement. Those sections expressly provide the criteria for determination of eligibility thereunder, and limit the use of such criteria to eligibility for exemption under the specific section in which they are contained. (See AGO's 072-42 and 072-194.) (Emphasis supplied.) In AGO 074-182, ss. 196.081, 196.091, 196.101, and196.031, F. S., were discussed at some length as follows: Several provisions of the Florida Statutes may be applied under certain circumstances to exempt a swimming pool from property taxes when it is a part of homestead real property improvements. Sections196.081, 196.091, 196.101, and 196.031, F. S. Section 196.081(1), F. S., provides: Any real estate used and owned as a homestead by an ex-serviceman, honorably discharged with service connected total and permanent disability [due to total blindness, amputation, paraplegia or hemiplegia] . . . shall be exempt from taxation. Section 196.091(1), F. S., provides: Any real estate used and owned as a homestead by an ex-serviceman, honorably discharged with service connected total disability and who has . . . received special pecuniary assistance due to disability requiring specially adapted housing and required to use a wheelchair for his transportation, shall be exempt from taxation. (Emphasis in original.) * * * * * These provisions grant total exemption of property owned and used as a homestead by any quadriplegic or by those persons within the specified classes of service-connected disabilities. A swimming pool owned and used as a part of such property would accordingly be exempt regardless of the total value. Attorney General Opinions 058-132, 069-132, and 071-115. (Emphasis supplied.) Continuing therein, it is stated: Attorney General Opinion 069-132 construed these statutes, which were enacted prior to the adoption of the 1968 Constitution, as presumptively valid under Art. VII, s. 3(b), permitting exemption of property of totally and permanently disabled persons in whatever amount is fixed by general law, in contrast to the specific authority under Art. VII, s. 6(c), for homestead exemption for the entire class of totally and permanently disabled "not exceeding" ten thousand dollars. (Emphasis supplied.) As can be seen, the conclusion reached herein is the same, where pertinent, as that reached by my predecessors in office in AGO's 058- 132 and 069-132. It is also consistent with Rule 12B-1.201(4)(a) of the Department of Revenue, which is the old rule and which was replaced by Rule 12D-7.04, and which is now effective having been promulgated recognizing the change in the statute. The latter rule, in subsection (4) thereof, expressly states that there is no limitation of assessed valuation for such exemption. Such rules when duly promulgated have the force and effect of a statute if within the terms thereof. Florida Citrus Commission v. Golden Gift, 91 So.2d 657, Florida Livestock Board v. Gladden, 76 So.2d 291. Accordingly, a veteran qualifying under s. 196.081, F. S. (1976 Supp.), by meeting all the conditions and requirements specified therein would be entitled to receive total exemption on real estate owned and used by such veteran as a homestead, while a nonveteran or a nonqualifying veteran who was totally and permanently disabled would not be entitled to such total exemption provided for in s. 196.081 on real estate owned and used as a homestead by such nonveteran or nonqualifying veteran. Also see AGO's 075-73, 074-325, 074-353, 074-375, 074-82, and 073- 325 which deal with related questions.