370 So.2d 849 (1979)
The STATE of Florida, Appellant,
v.
Eugene HADDEN, Jr., Appellee.
No. 78-1813.
District Court of Appeal of Florida, Third District.
May 8, 1979.
*850 Janet Reno, State's Atty., and Milton Robbins, Asst. State's Atty., for appellant.
Bennett H. Brummer, Public Defender, and Rory S. Steins, Asst. Public Defender, for appellee.
Before BARKDULL and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This appeal is by the State of Florida from an order dismissing two counts of an information. We find error and reverse.
On January 4, 1978, a three-count information was filed against Eugene Hadden, Jr. The first count charged Hadden with unlawful possession of cannabis in an amount greater than five grams. By the second count Hadden was charged with unlawful possession of a firearm (pistol) while having previously been convicted of felonies in this state on February 23, 1971 (possession of a short-barreled shotgun) and October 18, 1971 (aggravated assault). The third count made a similar charge based on unlawful possession of a firearm (shotgun). The defendant Hadden moved for dismissal of Counts II and III[1] alleging that two year sentences received by him on the prior 1971 convictions had been served and terminated by August 1, 1972, and that such fact had not been reported by the Parole and Probation Commission to the governor and cabinet and that thereby he had been deprived of restoration of his civil rights.
In effect at the times involved here was Section 940.05, Florida Statutes (1977), relating to restoration of civil rights, as follows:
Any person who has been convicted of a felony may be entitled to the restoration of all the rights of citizenship enjoyed by him prior to his conviction if he complied with one of following criteria:
(1) Has received a full pardon from the board of pardons, or
(2) Has served the maximum term of the sentence imposed upon him or
(3) Has been granted his final release by the parole and probation commission.
*851 Also in effect was Section 940.06 entitled "Submission of names of qualified persons" which reads as follows:
The parole and probation commission shall submit to the governor and cabinet the names of persons who qualify for the restoration of civil rights in accordance with § 940.05.
On September 10, 1975, certain Rules of Executive Clemency of Florida were promulgated which were effective November 1, 1975. Included therein were two provisions material to this case. By Section 9 of the Rules it was provided that "A. When a person receives final release from the Florida Parole and Probation Commission, Department of Offender Rehabilitation or county jail, his civil rights shall be automatically reinstated, except the right to possess or own a firearm shall be specifically withheld."
Under that provision of the clemency rules, restoration of civil rights would be automatic following completion of service of sentence by one who so completed his sentence on or after November 1, 1975. That provision for automatic restoration of civil rights was not retroactive. This is shown by the provision in Section 9 of the Rules which states that in order for one who has thus completed a sentence previously to obtain automatic reinstatement of his civil rights it is necessary that he make an application therefor. That provision of the rule is as follows: "B. Any person released from the Florida Parole and Probation Commission, the Department of Offender Rehabilitation or county jail prior to the effective date of this rule may upon application have their civil rights automatically reinstated, except the right to possess or own a firearm shall be specifically withheld."
The trial court granted Hadden's motion and dismissed Counts II and III. In the order entered thereon the court recited the prior felony convictions of the defendant in 1971 and that he had been released from supervision on August 1, 1972, and made reference to the above quoted statutory provision for the Parole and Probation Commission to submit to the governor and cabinet the names of persons who qualify for restoration of civil rights under the above quoted section 940.05. The order then recited that the Commission had not submitted defendant's name to the governor and cabinet after his completion of his sentences for said prior felonies, and the trial court held that deprived the defendant "of an opportunity for restoration of civil rights." The trial court's order further noted that if the defendant's civil rights had been restored that circumstances would operate as a defense to the charges in Counts II and III making it unlawful for any person who has been convicted of a felony in the courts of this state to own or possess a firearm because of the provision therein that the same shall not apply to a person previously convicted of a felony whose rights have been restored. Section 790.23, Florida Statutes (1977). The trial court then held that if the Commission had given such notice, "it is possible that defendant's civil rights would have been restored giving the defendant an absolute defense." Based thereon the trial court held the State was estopped to prosecute the defendant on said counts.
Dismissal of Counts II and III by the trial court was error. The exception provided for in Section 790.23, Florida Statutes (1977), defining the offenses was not applicable because the civil rights of the defendant had not been restored. Had the Commission given timely notice to the governor and cabinet in 1972 that Hadden was qualified for restoration of his civil rights, that action by the Commission would not have restored his civil rights, which was something to be done by the governor and cabinet upon application by the defendant. Hadden could have applied for restoration of his civil rights with or without such notice having been given by the Commission. The conclusion of the trial court that a possibility that Hadden's civil rights would have been restored if the Commission had given notice to the governor and cabinet of his entitlement thereto, should be treated as the equivalent of actual restoration *852 of the civil rights, was incorrect. Between the time he was released in 1972 and the effective date of the Executive Clemency Rules, November 1, 1975, Hadden could have applied for restoration of his civil rights, in the event of which the fact of his release in 1972 could have been established. After the effective date of the Rules in 1975 Hadden could have obtained restoration of his civil rights by making application as provided for in said Rules. He made no such application at any time, and his civil rights were not restored.
His release upon completing his sentences for the prior felonies did not automatically restore his civil rights. Notice that he was qualified therefor, if such had been given by the Commission, would not have automatically restored his civil rights. In order for that to occur for one in Hadden's case application for restoration was necessary. See Gallie v. Wainwright, 362 So.2d 936 (Fla. 1978), which was decided two days after the trial court's order.
Also we hold to be error the conclusion reached by the trial court that the State was estopped to prosecute the defendant on Counts II and III because of the failure of the Commission to give such notice to the governor and cabinet. In Coogler v. Rogers, 25 Fla. 853, 7 So. 391, 394 (1889), the Supreme Court said:
"* * * And it has been repeatedly decided that the principle of estoppel is applicable to all cases where one, by word, act, or conduct, willfully caused another to believe in the existence of a certain state of things, and thereby induced him to act on this belief injuriously to himself, or to alter his own previous condition to his injury. * * *"
The burden of proving an estoppel rests on the party invoking it, and every fact essential to estoppel must be proved. Erwin v. Dekle, 60 Fla. 56, 53 So. 441 (1910); Horton v. Smith-Richardson Inv. Co., 81 Fla. 255, 87 So. 905 (1921); First National Bank of Arcadia v. Savarese, 101 Fla. 480, 134 So. 501, 504 (1931). One claiming estoppel on the basis of another's silence or omission must show he justifiably relied thereon to his prejudice, and that his reliance thereon and conduct to his prejudice was intended or reasonably anticipated by such other person. Ennis v. Warm Mineral Springs, Inc., 203 So.2d 514, 520 (Fla. 2d DCA 1967).
In the instant case there was no showing that the silence of the Commission was intended to cause the defendant to act to his detriment or that in fact the defendant took any action to his detriment on the basis thereof. Here the facts essential to estoppel were nor proved.
Moreover, estoppel will not be applied against the State for an omission to act, but will be applied only in special circumstances which must include "some positive act on the part of some [official] of the state upon which the aggrieved party had a right to rely and did rely to its detriment." Greenhut Construction Co. v. Henry A. Knott, Inc., 247 So.2d 517, 524 (Fla. 1st DCA 1971); Jefferson National Bank v. Metropolitan Dade County, 271 So.2d 207, 214 (Fla. 3d DCA 1972).
For the reasons stated above and on authority of Gallie v. Wainwright, supra, the order dismissing Counts II and III of the information in this case is reversed; and the cause is remanded for further proceedings.
It is so ordered.
NOTES
[1] On Count I charging unlawful possession of cannabis, Hadden was convicted. The sentence imposed was for the period for which he had been confined prior to conviction, for which he was given credit.