SCHWARTZ, Chief Judge
(dissenting).
Since my sense of justice is thoroughly offended by the decision rendered below and approved here, I must dissent.
On February 8, 1980, within days after his receipt of a form letter from the HRS — which did not include a copy of the new eligibility rule in question — Dr. Fraga wrote the department asking whether he should continue to treat the over 100 benefit-eligible psychiatric patients he was seeing every month. For over two years, the department did not deign even to acknowledge, much less to respond directly either to this or to another specific letter from the appellant. It did, however — undoubtedly through a nameless, faceless, and supremely ignorant computer[1] — without complaint or question and just as it had previously, pay the bills which the doctor routinely submitted for services he rendered each month. And on August 5, 198Í, in another form letter, it indicated that the board eligibility dr certification requirement applied to “new[2] individual psychiatric providers” [e.s.],[3] which obviously did not include him.
It seems clear that these acts of callous non-responsiveness, longstanding and unprotesting payment, and affirmative misleading should estop the state from asserting, as it first did in March, 198¾ that it had been wrong all along, and that Dr. Fraga is required to provide and it and its clients are entitled to receive $38,252.75 of concededly competent services for nothing. See Kuge v. State of Florida, Department of Administration, Division of Retirement, 449 So.2d 389 (Fla. 3d DCA 1984); Salz v. Department of Administration, Division of Retirement, 432 So.2d 1376 (Fla. 3d DCA 1983); see generally, Florida Livestock Board v. Gladden, 76 So.2d 291 (Fla.1954). I am utterly dismayed that the majority has instead permitted the depart *148 ment’s classic example of bureaucratic ineptitude and indifference, with its supremely adverse consequent effect upon an innocent citizen, not only to escape the censure it richly deserves, but actually to come out ahead.

.The fact that the state acts through a machine cannot render that conduct any less the "positive act” of a state official for the purposes of invoking the rule cited by the court. See State v. Hadden, 370 So.2d 849 (Fla. 3d DCA 1979).

. While the form letter writer was probably inaccurate, Dr. Fraga did not know that this was the case.

. The majority opinion does not mention this fact.