278 So.2d 636 (1973)
Herbert H. BURGER and Janice M. Burger, Husband and Wife, Appellants,
v.
F.N. HECTOR, Appellee.
No. R-451.
District Court of Appeal of Florida, First District.
June 7, 1973.
Rehearing Denied June 27, 1973.
John M. Coe, Coe & Coe, Pensacola, for appellants.
M.J. Menge, Shell, Fleming, Davis & Menge, Pensacola, for appellee.
JOHNSON, Judge.
Appellants seek reversal of a final judgment which granted appellee's motion for a judgment notwithstanding the jury verdict of $1,800.00 in favor of the appellants.
This suit was instituted by appellants against appellee, a building contractor, to recover damages for the breach of an implied warranty of suitability of a home which appellee built for appellants. The evidence adduced at trial demonstrates that in 1968 appellants selected a lot in a subdivision and then selected appellee to build a house for them on said lot. Appellants selected a house plan submitted by appellee and the house was built in accordance with the plans. Some months after occupancy, land drainage problems became apparent. Appellants contended that when heavy rains came water would stand on their lot for an abnormally long period of time. The improvement and development of adjoining lots appeared to cause the problem of water running onto and standing on appellants' lot to become worse.
On June 3, 1970, two years after occupancy, extremely heavy rains fell in Pensacola and the water ponded on appellants' lot rose into their house, carrying mud with it, resulting in physical damage to carpeting, furniture, books and other personal effects. Appellants then brought this suit against appellee seeking damages for breach of an implied warranty of suitability. *637 The case went to a jury which returned a verdict awarding appellants $1,800.00. Thereafter, appellee moved for a judgment notwithstanding the verdict upon the grounds that, inter alia, the verdict was contrary to the law and the evidence in that the evidence conclusively demonstrated that any damages sustained by appellants on June 3, 1970, resulted from an unusual and extraordinary manifestation of the forces of nature that, under normal conditions, could not have been anticipated or expected by the appellee herein. It was further alleged that the appellants' complaint was with the lot which they themselves had selected, that the home itself was suitable for human habitation and that appellee never made any warranty, either directly or impliedly, regarding the lot upon which the house was constructed. The trial court granted said motion and we affirm.
Appellants rely upon the case of Gable v. Silver, 258 So.2d 11 (Fla.App. 4th, 1972), cert. discharged, 264 So.2d 418 (Fla. 1972), to support their position that a contractor can be held liable for breach of an implied warranty that the completed house will be fit and suitable for human habitation. We have no quarrel with that position, and we fully agree with the holding of the Gable case as it applies to the factual situation therein involved. That case dealt with a faulty air conditioning system in a condominium originally owned by the builder. The court there held that the doctrine of caveat emptor would not be extended to foreclose implied warranties of fitness and merchantability in the sale of new condominiums.
The present case is easily distinguishable from the factual situation in Gable, supra. Here, the appellee built a house, according to plans and specifications selected by appellants, with good workmanship and materials on real property selected by the appellants. The problem was with the real property, after heavy rains and improvement of adjoining lots, and not with the house constructed by appellee. Appellee did not impliedly warrant that the appellants' lot would have average or high percolation soil such as would withstand flooding waters, or that when the adjoining properties were cleared water would not stand on the lot for a longer than normal period. Hence, the jury verdict returned in appellants' favor was contrary to the evidence and the law, and the trial court correctly entered a judgment in favor of appellee notwithstanding the verdict of the jury.
Affirmed.
CARROLL, DONALD K., Acting C.J., and RAWLS, J., concur.