349 So.2d 676 (1977)
George DAVID and Lili David, Appellants,
v.
B & J HOLDING CORPORATION, a Florida Corporation, Appellee.
No. 75-1118.
District Court of Appeal of Florida, Third District.
August 9, 1977.
Rehearing Denied September 14, 1977.
*677 Zinn & Reinhard, Miami, for appellants.
L.J. Cushman, Miami, for appellee.
Before PEARSON, BARKDULL and HAVERFIELD, JJ.

REVISED OPINION
HAVERFIELD, Judge.
Plaintiffs seek review of that portion of a final judgment finding they failed to prove the material allegations seeking damages for breach of implied warranty for the defendant's failure to construct their condominium unit in accordance with the building plans.
Plaintiff-appellants, George and Lili David, purchased from the defendant developer-builder, B & J Holding Corporation, appellee herein, unit # 7-B in the Stuart House Condominium located in the Town of Bay Harbor Islands. After taking occupancy of their unit, plaintiffs discovered several defects, including the failure of the defendant to include proper sound proofing and insulation in the party walls according to the building plans recorded and approved with the Town of Bay Harbor Islands. Plaintiffs pursuant to the receipt, acceptance and warranty agreement made timely written complaints to the defendant concerning the defects and after the adjoining units became occupied informed the defendant of the fact that either so little or no wall insulation was used that they could literally hear every word spoken and sound made by their neighbors in the adjacent units. Defendant failed to remedy these defects and plaintiffs filed the instant suit for damages alleging, inter alia, a breach of implied warranty for the failure to construct the party walls as specified in the building plans recorded with and approved by the municipal building and zoning department. After a non-jury trial, the judge found that the purchase agreement not being a contract for the construction of the Stuart House Condominium, but rather a contract for purchase of a condominium unit, and defendant not having entered into an agreement to build plaintiffs a unit in the Stuart House in accordance with the plans approved by the building department  no implied warranty of fitness or merchantability obligated defendant to construct the building in accordance with these plans or any specific plans. Thereupon, the court held plaintiffs were not entitled to any relief sought with respect to this issue.
Plaintiffs contend that the trial court erred in failing to grant them damages for breach of implied warranty when the evidence clearly established that their condominium unit was not built in accordance with the plans and specifications as filed with and approved by the Town of Bay Harbor Islands. We agree.
The modern rule which has developed over the past decade is that implied warranties of fitness and merchantability *678 do extend to the purchasers of new homes and new condominium units and likewise liability has been predicated upon the breach of the building contract in the form of deviation from specifications, such deviation resulting in a defective condition. See Annot., 50 A.L.R.3d 1071 (1973). Being a progressive state particularly in the area of condominium law with respect to protection of purchasers of such units, Florida as with the sale of other commodities has adopted the rule of law that implied warranties of fitness and merchantability extend to the purchase of new condominium units from builder-developers. Gable v. Silver, 258 So.2d 11 (Fla. 4th DCA 1972), cert. discharged, 264 So.2d 418 (Fla. 1972); Burger v. Hector, 278 So.2d 636 (Fla. 1st DCA 1973); Forte Towers South, Inc. v. Hill York Sales Corp., 312 So.2d 512 (Fla. 3d DCA 1975). As the court explained in Gable, supra, at 17 in support of adoption of this rule:
"Although the theory of implied warranty should not drastically affect the position of the legitimate builder-vendor, the doctrine could be very effective in reducing the number of those undesirables within the industry who have no intention of standing behind the quality of their work... . It should also be noted that the legitimate builder-vendor is much more capable of distributing the cost of his mistakes than is the innocent home buyer.
"Undoubtedly, the law regarding the liability of a builder-vendor of new houses is changing. The above cases indicate a growing trend away from caveat emptor and toward the theory of implied warranty. The movement brings the law much closer to the realities of the market for new homes than does the anachronistic maxim of caveat emptor. `The law should be based on current concepts of what is right and just and the judiciary should be alert to the never-ending need for keeping its common law principles abreast of the times. Ancient distinctions which make no sense in today's society and tend to discredit the law should be readily rejected.'"
An implied warranty aries by operation of law and exists regardless of any intention of the vendor to create it; such warranty springs from the vendor's breach of some duty which amounts to taking advantage of the purchaser by reason of some superior knowledge in the vendor or the reliance by the purchaser on the vendor's representation or judgment. See 28 Fla. Jur. Sales § 134 (1968).
Reviewing the case at bar in light of the above principles of law and reasoning, we conclude that defendant developer-builder impliedly warranted to the plaintiff condominium purchasers that their unit would be constructed in accordance with the specifications contained in the building plans filed with and approved by the appropriate governmental authority, the Town of Bay Harbor Islands. The evidence is undisputed that defendant builder failed to construct the party walls of plaintiff's unit in accordance with those specifications filed with the Town of Bay Harbor Islands as a matter of public record and, therefore, having departed from those specifications, is liable to plaintiffs for breach of implied warranties of fitness and merchantability. See Franzen v. Dunbar Builders Corp., 132 Ill. App.2d 701, 270 N.E.2d 118 (1971) and Wittington Condominium Apts., Inc. v. Braemar Corp., 313 So.2d 463 (Fla. 4th DCA 1975).[1]
Defendant developer argues that under the terms of the sales contract, it reserved the right to make changes in the specifications. Nevertheless, those specifications being filed as of public record and approved by the Town of Bay Harbor Islands, defendant was under a duty to file the modified specifications with the Town for its approval and to make the new specifications a matter of public record.
*679 Accordingly, we hereby reverse that part of the final judgment denying plaintiff's relief on those counts of their complaint alleging implied breach of warranty and remand the cause for further proceedings not inconsistent herewith.
Reversed and remanded.
NOTES
[1] Wherein the court held that a complaint for breach of implied warranty of fitness and merchantability alleging construction of the condominium contrary to the plans, specifications and representations made by the developer stated a cause of action.