PER CURIAM.
The order of the trial judge entered August 17, 1981 is affirmed. Rule 1.220(b), Florida Rules of Civil Procedure (1977), republished in 1980 as Rule 1.221.[1] The trial court’s entry of summary judgment based on its construction of the declaration is proper and can be sustained on a number of grounds. First, on the record, the equities are with Island Echos Condominium Association. See Welch v. Point of Americas Condominium Apartments, 378 So.2d 60 (Fla. 4th DCA 1979). Second, any ambiguity in a declaration of condominium is to be construed against the author of the declaration, i.e., the developer. See, Kaufman v. Shere, 347 So.2d 627 (Fla. 3d DCA 1977).
Our affirmance does not extend to the issue raised by Mutual Federal Savings and Loan Association concerning the validity of its mortgage upon the leasehold interest in Unit 1-G. That issue was not addressed in, nor resolved by, the order of summary judgment and is still pending before the trial court for further consideration.
BOOTH, SHIVERS and JOANOS, JJ., concur.

. See, Reibel v. Rolling Green Condominium Association, Inc., 311 So.2d 156 (Fla. 3d DCA 1977); Avila South Condominium Association, Inc. v. Kappa Corporation, 347 So.2d 599 (Fla.1977).