BERANEK, Judge.
This appeal involves a non-jury trial which resulted in a final judgment for plaintiffs in the amount of $264,714.33.
The case was commenced as a class action by a condominium association and an individual owner of a condominium unit who was also president of the condominium association. The defendant was the developer, Juno by the Sea Condominium Apartments, Inc. The complaint upon which the case went to trial asserted the developer was guilty of breach of implied and express warranties and of negligence in the construction of the building. Our review of the court’s findings of fact shows that the court found against the plaintiffs on the issues of negligence but concluded that the developer breached certain express and implied warranties by failing to provide various items which were included in the original plans or which the developer expressly or impliedly added to the project.
On appeal the developer raises numerous points. Initially, the developer asserts the trial court erred in denying a motion to dismiss the suit as an improper class action and in failing to hold a hearing to determine and certify appropriate class status of plaintiffs. This point is without merit. It is now firmly established in this State that a condominium association may sue on behalf of all unit owners concerning matters of common interest, including but not limited to, the common elements of the building. See Florida Rule of Civil Procedure 1.221, formerly Florida Rule of Civil Procedure 1.220(b); The Florida Bar, 353 So.2d 95 (Fla.1977); Imperial Towers Condominium, Inc. v. Brown, 338 So.2d 1081 (Fla. 4th DCA 1976), and Drexel Properties, Inc. v. Bay Colony Club Condominium, Inc., 406 So.2d 515 (Fla. 4th DCA 1981). The record here shows that appellant moved to dismiss the complaint asserting that privity was required as to all class members and that the association had no standing to bring the action. This motion was denied. There was no request to have the class certified or for any hearing in that respect. Over two years after the first motion to dismiss, appellant filed a second motion to dismiss the class action aspects of the case. This motion was again denied and we conclude that harmful error has not been demonstrated. The association was a proper party plaintiff as to most, if not all, of the issues raised in the complaint. Dismissal of the action was certainly not warranted.
At the conclusion of . the trial, the court made specific findings of fact in regard to each claimed element of damage. We have reviewed these and find that all damages awarded related to construction omissions in the common elements, except for certain minor towel racks and grab bars which had not been installed in the individual units. As stated above, the trial court found against the plaintiff on the issue of negligence and concluded that the building was well constructed. However, the court also found that numerous items which were included in the original plans or which were impliedly or expressly added to the original plans were not included in the actual building. These items were not negligently or defectively constructed; they were simply omitted. The items for which damages were awarded included such things as a wading pool, a shuffleboard court, an emergency electric generator, window awnings and eaves, landscaping, sump pumps, benches, light fixtures, railings on retaining walls, parking spaces, and roof fill material. In Drexel Properties, Inc. v. Bay Colony Club Condominium, Inc., 406 So.2d 515 (Fla. 4th DCA 1981), this court specifically considered the question of whether the condominium association could recover for omissions and defects in common elements despite the fact that the unit owners within the association included both first purchasers and remote purchasers. This court stated as follows at pages 519 and 520:
Common Elements
We hold that as to common elements, the appellees may recover the entire damages on either theory, albeit the subsequent or remote purchasers will benefit thereby. To conclude otherwise and apportion the damages would penalize the original purchasers. In order for appel- *1192 lees to receive the benefit of their bargain and be made whole, the amount of damages awarded must equal the sum necessary to correct the condition.
We thus conclude that the association was entitled to recover the damages involved herein as applicable to the common elements and reject appellant’s arguments to the contrary.
Appellant also asserts evidentiary errors regarding the generator and concrete awnings and eaves. The trial court allowed $72,250 as the cost of an emergency electrical generator which was not installed, and $76,000 as the cost of certain concrete awnings and eaves which were required on the plans but not included in the building as actually constructed. We find no properly preserved error as to the evidence surrounding the generator but conclude that the trial court erroneously excluded certain evidence as to the awnings and eaves. The theory of plaintiff’s case was that these items were included on the original plans and that they were not constructed in accordance with the plans. The developer attempted to offer evidence that the awnings were to be bolted into the concrete walls and that it was later determined that this construction would be dangerous and unsafe. The general contractor could not find anyone who would cast the awnings and eaves as designed and thus ended up deleting the awnings and eaves and extending a slab out over the windows and at the top of the building. The trial court refused to allow into evidence testimony that these, modifications were brought about as the result of safety factors or impossibility of performance. It was plaintiff’s argument that under David v. B & J Holding Corp., 349 So.2d 676 (Fla. 3d DCA 1977), liability arose for the total cost of the awnings and eaves since there was no change made on the plans on file with the city. The court allowed some $76,000 in damages which represented the total cost of the awnings and eaves in accordance with the initial plan. The documents in the instant case allowed the developer to make modifications which did not require a material physical modification of the dwelling units. We conclude that the court erred in failing to at least consider this evidence of a necessary change from the plans and a substitution of an alternative. Furthermore, the court should not have simply awarded damages for the full amount ($76,000) required to build the awnings and eaves as included on the plans. Some credit should have been given for the value of the awnings and eaves as constructed.
We conclude that the judgment should be and hereby is affirmed in all respects except in regard to the $76,000 awarded for the awnings and eaves. We remand to the trial court for further proceedings as to this element of damages alone. The awnings and eaves are obviously common elements and the condominium association has the right to recover for the developer’s breach of warranty in failing to build in accordance with the plans and specifications. However, the trial court should consider the evidence as to whether the building, as initially designed, was unsafe or impossible to construct and whether the alternative provided by the builder constituted substantial compliance with the initial plans under all of the facts and circumstances.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS.
ANSTEAD, J., and OWEN, WILLIAM C., Jr., (Retired) Associate Judge, concur.