NIMMONS, Judge.
Fidelity and Casualty Company of New York (Fidelity) appeals from an order in which the deputy commissioner ordered Fidelity to pay compensation benefits to the claimant, Frank G. Carpenter, the deputy ruling that Fidelity was estopped to deny coverage. We reverse.
At the time of the subject accident on June 12, 1984, and for several years prior thereto, Claimant Carpenter was employed as a drywall finisher for the employer, Northeast Drywall Company (Northeast). In 1981, Northeast’s president and his insurance agent, Karl Tramer, devised a plan whereby Northeast would buy individual insurance policies for the company’s most productive employees. Prior to 1981, these workers would have been covered under the employer’s policy with the American Liberty Insurance Company. The purpose of this change in workers’ compensation insurance coverage was to save Northeast money.
Mr. Tramer met with four employees, including claimant. Northeast’s president did not attend that meeting. At the meeting, all four employees signed an application for workers’ compensation insurance *43 presented by Mr. Tramer. However, the remaining items on the application were completed by someone else. Neither claimant nor Mr. Tramer remembered what was discussed at the meeting.
This application was sent to the Florida Compensation Rating Bureau. Appellant is a servicing carrier for the Bureau. On October 9, 1981, appellant received the application. Being a servicing carrier for the Bureau, appellant could not refuse to write the insurance policy. The application listed claimant as a sole proprietor and indicated a zero payroll. The application further stated that a sole proprietor would have to file a notice of election if he desired coverage. Claimant never filed a notice of election which would allow a sole proprietor to be covered as an employee under the insurance policy pursuant to F.S. Section 440.-05(2). The policy became effective on October 7, 1981 and was renewed annually through October 7, 1984.
On November 19, 1981, appellant sent the following letter to Mr. Tramer, Northeast’s insurance agent, and the claimant:
“Gentlemen:
We have recently written this policy for your agency. On the application submitted, it states that proprietor does not elect coverage under this Plan. We are marking our files to this effect.”
On May 2, 1984, claimant injured his hand. On May 8, 1984, claimant was notified by Mr. Tramer in reasonably clear language that the claimant was not himself covered by the insurance policy. Claimant informed his employer of the situation. The employer told the claimant that he would take care of the problem. The employer, however, failed to do so and neither did the claimant. On June 12, 1984, claimant injured his ankle while working for Northeast.
Subsequently, claimant filed a claim demanding workers’ compensation benefits for his ankle injury arising from the June 12, 1984 accident. The deputy commissioner found that Fidelity was equitably es-topped from denying coverage and ordered Fidelity to pay the claimant temporary total disability benefits.
Assuming without deciding that it could properly be said that Fidelity’s actions and/or inactions led the claimant to believe that he had workers’ compensation coverage for injuries which he himself might incur,[1] the fact is that he was no longer entitled to rely thereon after he was specifically advised, several weeks prior to the subject June 12 accident, that the policy provided no coverage for his own injuries. The fact that the claimant thereafter chose to rely upon Northeastern’s assurance that it would rectify the .situation cannot be visited upon Fidelity. An essential element of equitable estoppel is that the party claiming estoppel must have a lack of knowledge and the means of knowledge of the true fact or facts. 22 Fla.Jur. Estoppel and Waiver, Sections 31 & 57.
REVERSED.
SHIVERS and JOANOS, JJ., concur.

. Compare White v. White, IRC Order 2-3589, Oct. 31, 1978, cert den. 374 So.2d 102 (Fla.1979); Key v. Goley, 402 So.2d 80 (Fla. 1st DCA 1981).