525 So.2d 488 (1988)
Edbury R. ENEGREN, Appellant,
v.
MARATHON COUNTRY CLUB CONDOMINIUM WEST ASSOCIATION, INC., Appellee.
No. 87-1824.
District Court of Appeal of Florida, Third District.
May 24, 1988.
*489 David Paul Horan and Steven B. Esquinaldo, Key West, for appellant.
Becker, Poliakoff & Streitfeld and David H. Rogel, Fort Lauderdale, for appellee.
Before SCHWARTZ, C.J., and HENDRY and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
Unit owner, Edbury R. Enegren, appeals from a final judgment favoring a regulation of the Marathon Country Club Condominium West Association which restricts the dockage of boats in excess of 25 feet in length.
In January 1985, appellee adopted a set of rules and regulations intended to govern the individual condominium units and the use of the common elements. Between February and March of 1985, appellant purchased a unit at Marathon Country Club West and was given a copy of the rules and regulations as adopted by appellee in January of that year. The regulations stated in pertinent part:

Boats  Dockage is limited to craft 25' or less. Temporary dockage of larger boats is permitted while space is available. However, if there is a shortage of dock space for apartment users, the largest oversize boat must, upon notification, leave at once, without prejudice, to make space for the conforming boat.
Appellant returned to his summer residence in Massachusetts in April 1985. While there, he purchased a forty-four foot trawler, brought it to Marathon in mid-November and docked it at the Marathon Country Club Condominium boat docks. Early in December, appellant and other unit owners were informed that the January 1985 rules and regulations amendment had not been approved by the requisite 75% of appellee's membership as called for by its articles of incorporation. A new vote, taken in January 1986 by the appropriate percentage of members, called for a return to the rules and regulations adopted and recorded in 1978 which restricted dockage to boats 25 feet in length or less.
Although notice was sent to appellant directing him to move his trawler in accordance with the "new" rules and regulations, he was allowed to remain at the condo docks for the '85-'86 winter season. However, upon his return in the fall of 1986, the trawler was refused dockage, despite continued availability of space. A complaint seeking declaratory relief was filed by appellant, requesting the court to provide that appellee was equitably estopped from attempting to remove appellant's trawler from the condominium docks while space was available. By final judgment, the trial court declared the doctrine of equitable estoppel would not prevent appellee from requiring appellant to remove his vessel and that appellee could enforce its regulation which prohibited dockage of boats in excess of 25 feet in length. A motion for rehearing was denied. This appeal followed.
By virtue of equitable estoppel, appellant maintains appellee cannot enforce its "size of vessel" regulation against appellant while dock space is available. We agree. The trial court erred, for it is the traditional elements of equitable estoppel which have been claimed and presented by the appellant with clear and convincing proof:
(1) a representation by the party estopped to the party claiming the estoppel as to some material fact, which representation is contrary to the condition of affairs later asserted by the estopped party; (2) a reliance upon this representation by the party claiming the estoppel; and (3) a change in the position of the party claiming the estoppel to his detriment, caused by the representation and his reliance thereon.
Quality Shell Homes & Supply Co. v. Roley, 186 So.2d 837, 841 (Fla. 1st DCA 1966); see Organized Fisherman of Fla. v. Hodel, 775 F.2d 1544 (11th Cir.1985), cert. *490 denied, 476 U.S. 1169, 106 S.Ct. 2890, 90 L.Ed.2d 978 (1986).
Appellee originated the 1985 rules and regulations and represented them to appellant as being in full force and effect. In doing so, appellee made a representation of a material fact to appellant that temporary dockage space for vessels over 25 feet would be available provided that dockage space was available. Appellant relied upon this representation, changing his position to his detriment, when he purchased a forty-four foot vessel.
Because appellee knew or had reason to know that appellant would rely upon the rules and regulations as presented to him, and dockage space is admittedly available, appellee is estopped from enforcing its size restriction regulation against appellant. See Fifty-Six Sixty Collins Ave. Condominium, Inc. v. Dawson, 354 So.2d 432 (Fla. 3d DCA 1978) (condominium association was estopped from barring installation of Rolladen shutters by unit owner who relied upon board of directors' approval of contractor's proposed installation, as evidenced in the board's minutes).
Further, the trial court construed the clear and unambiguous language of the 1985 regulation to be ambiguous. The ordinary and common sense meaning of "temporary dockage of larger boats is permitted while space is available" is just that  appellant would be allowed to dock his over-sized vessel at the appellee's docks while dock space is available. See Schmidt v. Sherrill, 442 So.2d 963 (Fla. 4th DCA 1983) (whether they appear in a statute or in a declaration of condominium, words of common usage should be construed in their plain and ordinary sense); Pedersen v. Green, 105 So.2d 1 (Fla. 1958). Even if the trial court had been correct in finding the language ambiguous, the ambiguity should have been charged to the author/drafter of the language, not the party who relied upon it. Kaufman v. Shere, 347 So.2d 627 (Fla. 3d DCA 1977) (any ambiguity found in rent escalation clause would be construed against developer/lessors as authors of the declaration of condominium), cert. denied, 355 So.2d 517 (Fla. 1978); Santa Rosa BBFH, Inc. v. Island Echos Condominium Ass'n, 421 So.2d 534 (Fla. 1st DCA 1982) (any ambiguity in a declaration of condominium is to be construed against the author of the declaration), appeal dismissed, 426 So.2d 28 (Fla. 1983).
The trial court also declared that appellant's reliance was not reasonable. Assuming, arguendo, that reasonable reliance is required, we find that where appellant was given a copy of rules and regulations specifically providing for dockage, his reliance thereon was not only natural, but reasonable. Appellant expected temporary dockage while space is available  nothing more, and nothing less.
Finally, the trial court considered factors not relevant to the application of equitable estoppel. It essentially determined that the "temporary" nature of the docking privilege was not of a material nature and that this interest did not outweigh the condominium association's interest. The weighing of the injury or interest, or the greatness or smallness of the injury, is not relevant to a determination of whether equitable estoppel can be applied. Boulevard Nat'l Bank of Miami v. Gulf Am. Land Corp., 189 So.2d 628 (Fla. 1966).
In accordance with this opinion, the final judgment appealed from is reversed.
Reversed.
SCHWARTZ, C.J., concurs.
DANIEL S. PEARSON, Judge, concurring.
Neither party to this litigation has suggested that Marathon Country Club would be estopped to enforce its more restrictive dockage rules if Enegren's reliance on its less restrictive rules was unreasonable. Despite this, the majority, in "[a]ssuming, arguendo, that reasonable reliance is required," unnecessarily and erroneously calls into question the well-established proposition that reliance must be reasonable. We "assume, arguendo," only those matters which may still be in doubt. There is no doubt that, in order for estoppel to be established, reliance must be "reasonable" or "justifiable," the person relying must *491 rely "in good faith," be "entitled" to rely, or have a "right" to rely. See, e.g., Noble v. York, 490 So.2d 29, 31 (Fla. 1986) ("equitable estoppel may be applied `where the representations of one party reasonably lead another to believe in a certain state of affairs... .'"); Commerce National Bank v. Van Denburgh, 252 So.2d 267, 270 (Fla. 4th DCA 1971) (same); Head v. Lane, 495 So.2d 821, 824 (Fla. 4th DCA 1986) (estoppel available to person who "reasonably relied upon the representation"); Fidelity & Casualty Co. v. Northeast Drywall Co., 487 So.2d 42, 43 (Fla. 1st DCA 1986) (estoppel unavailable to person who was "no longer entitled to rely"); Black's Law Dictionary 483 (5th ed. 1979) (estoppel available to person who has "justifiably relied"); 22 Fla.Jur.2d Estoppel and Waiver § 30, at 448 (1980) (estoppel available to person who had "a right to rely"); id. § 57, at 492 (estoppel available to person who exercised "good faith" reliance). See also State v. Hadden, 370 So.2d 849, 852 (Fla. 3d DCA 1979) (estoppel available against the State when person had "right to rely"); Greenhut Construction Co. v. Knott, 247 So.2d 517, 524 (Fla. 1st DCA 1971) (same); Jaslow, Understanding the Doctrine of Equitable Estoppel in Florida, 38 U.Miami L.Rev. 187, 189 (1984) (when person knew or should have known that reliance was premature, estoppel unavailable against State because reliance is not in "good faith").
With this reservation, I concur in the majority opinion.