608 So.2d 822 (1992)
ALTERNATIVE DEVELOPMENT, INC., Arthur M. Dehon, Jr. and Arthur M. Dehon, Sr., Appellants,
v.
ST. LUCIE CLUB AND APARTMENT HOMES CONDOMINIUM ASSOCIATION, INC., Building a, St. Lucie Club and Apartment Homes Condominium Association, Inc., Building B, St. Lucie Club and Apartment Homes Condominium Association, Inc., Building D, Fred Loscocco, Wayne E. Johnson, and Sidley Taylor, As Shareholder Members and On Behalf of All Shareholder Members of St. Lucie Club, Inc., Appellees.
Nos. 91-0159, 91-2262.
District Court of Appeal of Florida, Fourth District.
July 29, 1992.
Rehearing or Certification and Rehearing Denied December 8, 1992.
*823 James A. Minix of James A. Minix, P.A., Port St. Lucie, for appellants.
Thomas E. Warner and L. Denise Coffman of Warner, Fox, Seeley & Dungey, Attorneys, P.A., Stuart, for appellees.
Rehearing or Certification and Rehearing En Banc Denied December 8, 1992.
POLEN, Judge.
Alternative Development timely appeals from a final judgment and supplemental final judgment entered in favor of St. Lucie Club and Apartment Homes Condominium Association. In this action, the condominium associations of a project called the St. Lucie Club and the shareholders of a master association called the St. Lucie Club, Inc., sued the developers of that project under section 718.301, Florida Statutes (1989). They sought to force the developer to turn over control of the Master Property Owners Association. The two suits were consolidated below. The dispute involved control of the master association and the common areas that belonged to the master association. The final judgment and a supplemental final judgment adjudicated that the condominium associations were entitled to control of the master associations and that the master association was entitled to the areas in dispute. The supplemental final judgment served as a document of conveyance of title.
The City of Stuart originally approved a site plan for the project which would accommodate 18 buildings of 18 units each, or a total of 324 units. The developer, however, completed only three buildings in the development, for a total of 54 units, plus a swimming pool, tennis courts, clubhouse, a lake and stream, parking lots, roadways, entranceways and all utilities and drainage. Since 1985, there was no other construction or sales of any units in the ordinary course of business. The development was not a phased condominium; each separate building possessed a separate condominium association. The condominium consisted of the footprint for the building and the building itself. The common areas of development, i.e., roadways, entranceways, utilities, drainage, lake and stream, the clubhouse, tennis courts, swimming pools, recreational facilities, etc., would be owned by a master property owners association, the St. Lucie Club, Inc. The Declarations of Condominium provided that each unit purchaser in St. Lucie Club automatically became a member of the master property owners association (St. Lucie Club, Inc.). The declarations also provided that St. Lucie Club, Inc. would be responsible for the ownership, maintenance and control of the roadway system, recreational facilities, all the utilities and other *824 portions of real property of St. Lucie Club to be used in common with all of the unit owners of St. Lucie Club. The documents further provided that Alternative would construct and convey to St. Lucie Club, Inc., paved access to the condominium property, at least one swimming pool, all necessary utility pipes, easements for drainage, and electrical service equipment.
Arthur Dehon, Sr. and Arthur Dehon, Jr. were the principal officers, directors and owners of the appellant company, Alternative Development, Inc. They controlled Alternative and St. Lucie Club, Inc., during the period material to this action. By the time the trial commenced, Alternative had ceased conducting any business, had lost its density for the project, and had no building permits or financing to complete the project.

THE CONDOMINIUM DOCUMENTS
Alternative first argues that the trial court erroneously interpreted the condominium documents and improperly ordered the transfer of properties to the Master Association because Alternative had reserved certain rights in the documents and had never submitted certain properties to condominium ownership. We agree with the trial court's interpretation of the unambiguous Declarations of Condominium and Schedule G, of which schedule is referred to in the Declarations. The pertinent sections are set forth below.
Paragraph 9(o) of the declarations states:
The developer agrees that it will construct and convey to the master association paved access to the condominium property and at least one swimming pool to serve the condominium property. In addition, the developer shall construct and convey to the master association all necessary utility pipes, easements for drainage, and electrical service equipment. These facilities shall be constructed and conveyed to the master association within a reasonable time after developer receives a certificate of occupancy for the condominium building. The developer shall not be obligated to construct or convey any further improvements to the master association, except in accordance with the schedule of improvements attached hereto as Exhibit G.
Paragraph 9(p) provides:
The developer shall have no obligation to provide or complete any of the recreational facilities, unless the construction of the buildings as required in Exhibit G hereto are completed as a condition precedent to the developer's obligation to construct the facilities listed on schedule G. The developer may abandon the remainder of the project at any time and use the land not already submitted to condominium or conveyed to the Master Association as the developer sees fit.
Schedule G provides:
If the developer does not complete the condominiums required to be completed prior to the construction of recreational facilities, the Developer shall be under no obligation to construct the facilities listed here, and the Developer may use his remaining land as he sees fit, subject to any easements for access or utilities required by the existing condominiums....
In addition, Schedule G required the following construction: One swimming pool and two tennis courts upon completion of buildings A, B, C and D; a second swimming pool, lake and stream upon completion of Buildings E, F, G and H; a third swimming pool and clubhouse upon completion of Buildings I and J. It further provided that upon completion of the foregoing improvements, Alternative shall convey the improvements and necessary easements for access and utilities to St. Lucie Club, Inc. In fact, Alternative constructed a swimming pool, tennis courts, lake and stream, a structure which Alternative used as a sales office, as well as roads and parking lots. The structure housing the sales office was intended to later serve as the clubhouse.[1]
*825 Neither party contends that the declaration of condominium was ambiguous. If in fact the court had so found, the ambiguity would have to be construed in favor of appellee condominium associations. Any ambiguity in the declaration of condominium must be construed against the developer who authored the declaration. Enegren v. Marathon Country Club Condo. W. Ass'n., 525 So.2d 488 (Fla. 3d DCA 1988); Santa Rosa BBFH, Inc. v. Island Echos Condo. Ass'n., 421 So.2d 534 (Fla. 1st DCA 1982), appeal dismissed, 426 So.2d 28 (Fla. 1983). Appellants make the argument that the court improperly referred to the Prospectus in the final judgment, as the lack of ambiguity in the declaration rendered improper the consideration of extraneous circumstances. See generally Avery Dev. Co. v. Village By the Sea Condo. Apts., 567 So.2d 447 (Fla. 4th DCA 1990). While the language in the prospectus might have bolstered appellee's position, it did not alter the fact that the declaration and Schedule G entitled appellees to judgment in their favor. Schedule G, being specifically made part of the declaration by Alternative, cannot be argued to be outside the declaration. We hold that if the trial court considered the prospectus in coming to its decision, any error committed was harmless.

THE PLEADINGS
Appellants next argue that the trial court went outside the pleadings when it ordered that certain property be transferred to appellees. They contend that appellees "sprang a trap" on Alternative when it sought all of the common areas in tracts 1 and 2, including the common area surrounding the proposed Building "C". The general rule is that a judgment based upon matters entirely outside the pleadings cannot stand. See Cooper v. Cooper, 406 So.2d 1223 (Fla. 4th DCA 1981). However, the record is replete with evidence that appellants had ample notice of each and every single item of property that would be at issue in this case. Count I of the Amended Complaint sought turnover of control of the Master Association from Alternative pursuant to section 718.301, Florida Statutes, which provides that upon turnover of control, the developer must transfer all property belonging to the master association. Appellants acknowledge that all property belonging to St. Lucie Club, Inc., was being sought in the complaint. There was no appeal from the ruling that the unit owners were entitled to control. Appellants served a Motion in Limine dated January 12, 1990, in which they asked to exclude any testimony or exhibits regarding the proposed Building C. In that motion, they stated, "Defendants believe that Plaintiffs will seek to introduce testimony and exhibits in support of their contention that they are entitled to control the common elements of the proposed Building C in addition to the common elements of Buildings A, B and D." The Joint Pre-trial Stipulation signed by attorneys for appellants and appellees, in the section titled "Facts in Dispute," addresses this issue; it states in part that "[t]he principal dispute revolves around [appellants'] responsibility to turn over control of the Master Association and the recreational areas, roadway systems, landscaping and other portions of that real property which is to be used in common with the unit owners of the various condominium apartments... . Factual issues also involve unit owners' right to use and access provided by East Ocean Boulevard, ..." The exhibits attached, including the declarations of condominium for each of the buildings and the bylaws for the St. Lucie Club, Inc., all reference the facilities, the common elements, and what is required of appellants upon turnover and completion of the development. In short, appellants were on notice that they had to defend on these issues and the record indicates that they aggressively did *826 so. Appellants have not shown that they are entitled to reversal on this point.

IN REM JURISDICTION
Appellants next argue that the trial court erred when it ordered transfer of the real property and improvements to the Master Association in the final judgment. They contend that the court lacked in rem jurisdiction to do so. A court cannot cause its final judgment to effect a title transfer under Florida Rule of Civil Procedure 1.570(d) unless the court has in rem jurisdiction. Publix Super Markets, Inc. v. Cheesbro Roofing, Inc., 502 So.2d 484 (Fla. 5th DCA 1987). However, that court explained,
[s]uch in rem actions in which the land is the res must be distinguished from actions in which the court can effectuate the object of the cause only indirectly by acting on the parties and where such in personam action merely involves land, such as suits for rescission or cancellation or reformation of a contract for sale of land or a deed to land or suits for the specific performance of a contract to convey land. See, e.g., Royal v. Parado, 462 So.2d 849 (Fla. 1st DCA 1985); McMullen v. McMullen, 122 So.2d 626 (Fla. 2d DCA 1960). To the statement that specific performance of a contract to convey land can be an in personam action because the court can act on the person of the defendant to cause him to execute a conveyance of land beyond the territorial jurisdiction of the court a caveat must be added: a court cannot cause its own judgment to effect a title transfer under Florida Rule of Civil Procedure 1.570(d) unless the court has in rem jurisdiction.
Id. at 486 (emphasis supplied). In Board of Trustees of the Internal Improvement Trust Fund v. Mobil Oil Corp., 455 So.2d 412 (Fla. 2d DCA 1984), approved in part, quashed in part, Coastal Petroleum Co. v. American Cyanamid Co., 492 So.2d 339 (Fla. 1986), the court set forth a two-prong test to determine whether a court has "in rem" jurisdiction. First, the court must have jurisdictional authority to adjudicate the case and over the land that is the subject matter of the controversy. Id. at 415. At bar, the subject properties are located in Martin County, Florida, and the action was brought in Martin County, Florida, pursuant to section 718.301, which required transfer of the property under these facts. Furthermore, this action involved title to real property, because the necessary result of the judgment was that one party would gain or the other party would lose an interest on the real property and title thereto was put in issue by the pleadings. Id. at n. 3, (citing In re Weiss' Estate, 106 So.2d 411, 415 (Fla. 1958)). Moreover, at the very least, the instant action is one quasi in rem. See State ex rel. South Brevard Drainage Dist. v. Smith, 126 Fla. 72, 75, 170 So. 440 (1936) ("A proceeding quasi in rem is applied to any action between parties where the direct object is to reach and dispose of, or to adjudicate title or status of, property owned by the parties, or of some interest claimed by them, and duly put in issue by the allegations of the pleadings therein"). In addition, Florida Rule of Civil Procedure 1.570(d) provides:
If the judgment is for a conveyance, transfer, release or acquittance of real or personal property, the judgment shall have the effect of a duly executed conveyance, transfer, release or acquittance that is recorded in the county where the judgment is recorded. A judgment under this subdivision shall be effective notwithstanding any disability of a party.
Accordingly, we hold that the trial court possessed the jurisdiction to order in the amended final judgment that the properties at issue be conveyed to the Master Association.
We decline to discuss appellant's third and fourth points on appeal. Point three does not warrant any discussion; the issue presented in point four is resolved in Florida Rule of Civil Procedure 1.221. See also Juno by the Sea Condo. Apts. Inc. v. Juno by the Sea N. Condo. Ass'n. (The Tower), Inc., 418 So.2d 1190 (Fla. 4th DCA 1982).
As to appellants' fifth point on appeal, in which they argue that the trial court erred when it found that Mr. Simmons was not an "independent certified *827 public accountant" under section 718.301(5)(c), Florida Statutes, we are aware of no authority, and appellants have provided none, which holds that the Code of Professional Conduct for Accountants is binding on the trial court. The court obviously considered the long-standing relationship between Mr. Simmons and Alternative (specifically, the Dehons, who controlled both the Master Association and Alternative since 1982), in making its determination that Mr. Simmons was not "independent." Under the circumstances, we find no error and affirm the trial court's order for a review of the financial records by an independent certified public accountant.

ATTORNEY'S FEES
This court permitted the parties to file supplemental briefs on the issue of attorney's fees. As to the first issue, we agree with the trial court and hold that appellees were entitled to an award of attorney's fees under section 718.302(6). In their offer of judgment, appellants offered to surrender corporate control of the Master Association, but did not offer to give up control of the properties now adjudged to belong to the Master Association. Section 718.301 deals with the transfer of condominium association control to the unit owners from the developer; section 718.301(4) provides in pertinent part:
[T]he developer shall deliver to the association, at the developer's expense, all property of the unit owners and of the association which is held or controlled by the developer, including, but not limited to, the following items, if applicable, as to each condominium operated by the association... .
At bar the final judgment was entered in appellees' favor as to both control and transfer of property under these sections, which far exceeded appellants' offer of judgment. As a result, we can find no support in the record to support appellant's contention that appellees brought a frivolous action to trial, or that it proceeded in bad faith.
Appellants next argue that they were entitled to attorney's fees under section 607.014(3), Florida Statutes (1989),[2] because they prevailed on Count II of appellees' amended complaint, the breach of fiduciary duty and fraud count. It is undisputed that appellants Arthur M. Dehon, Sr. and Arthur M. Dehon, Jr., were officers and directors of the Master Association at all times material to this proceeding. The trial court does not address this issue in its final judgment on attorney's fees, although the matter was raised below.
Section 607.0850(1), Florida Statutes (1990), provides for indemnification of a person who is in an action (other than an action by, or in the right of, the corporation) by reason of his position as director, officer, employee, or agent of the corporation, if he acted in good faith and in a manner he reasonably believed to be in, or not opposed to, the best interests of the corporation. Section 607.0850(2) provides for indemnification if the person was a party to the proceeding by or in the right of the corporation to procure a judgment in its favor by reason of his position as stated above, if such person acted in good faith. Appellees contend that the Dehons cannot possibly meet that standard of good faith, as they knew the unit owners were entitled to control, yet failed to transfer the properties until forced to do so by this litigation. They also contend that the Dehons should not be indemnified for the fact that they wilfully refused to turn over control during that period of time. Section 607.0850(7) provides in pertinent part:

*828 [I]ndemnification or advancement of expenses shall not be made to or on behalf of any director, officer, employee, or agent if a judgment or other final adjudication establishes that his actions, or omissions to act, were material to the cause of action so adjudicated and constitute:
(a) ...
(b) A transaction from which the director, officer, employee, or agent derived an improper personal benefit;
(c) ...
(d) Willful misconduct or a conscious disregard for the best interests of the corporation in a proceeding by or in the right of the corporation to produce a judgment in its favor or in a proceeding by or in the right of a shareholder.
We recognize that section 607.0850(3) provides for indemnification to the extent that the party prevails, but note that the language in section 607.0850(7) specifically refers to the "cause of action" generally. Thus, if the trial court finds under section 607.0850(7) that the Dehons did not meet the requisite standard of conduct as it gave rise to the action, then they are not entitled to indemnification for prevailing on Count II.
Because the trial court did not address this issue in the final judgment, we remand this issue to the trial court for consideration with instructions to make findings of fact and determine whether the Dehons are entitled to indemnification from the Master Association under section 607.0850.
Finally, we affirm the trial court's attorney's fee award to the Associations. The trial court's findings of fact in this regard, which are set forth in great detail in the final judgment, are presumed correct. See Maass v. Christensen, 447 So.2d 1044 (Fla. 4th DCA 1984). The record contains competent, substantial evidence in support thereof.
Accordingly, we affirm the final judgment and supplemental final judgment, as well as the attorney's fee award to appellees. We remand, however, with instructions to the trial court to determine whether the Dehons are entitled to the indemnity provided in section 607.0850, Florida Statutes.
GLICKSTEIN, C.J., and ANSTEAD, J., concur.
NOTES
[1] The unit owners also received a prospectus which stated:

RECREATIONAL FACILITIES
The developer may become obligated to construct and provide other recreational facilities for use by the unit owners. If the conditions of Section 9(o) of the Declaration of Condominium are met, the developer may become obligated to construct two (2) additional swimming pools of at least 900 square feet, a lake covering a minimum area of two (2) acres, and a clubhouse containing at least 4000 square feet of gross floor space. The clubhouse will be equipped with seating for at least 200 persons. In addition, the clubhouse would have two (2) bathrooms. The first additional swimming pool and lake would be built before the maximum number of units in the project exceeds 288.
[2] That section provides:

To the extent that a director, officer, employee or agent of a corporation has been successful on the merits or otherwise in defense of any proceeding referred to in subsection (1) or subsection (2), or in defense of any claim, issue, or matter there, he shall be indemnified against expenses actually and reasonably incurred by him in connection therewith.
As appellants indicate, this section together with other sections of the Florida General Corporation Act was repealed effective July 1, 1990, and was replaced with the Florida Business Corporation Act. However, the identical statute has been codified in section 607.0850(3) in the new Act, leaving the indemnification principle intact.