STONE, Judge.
We affirm a summary judgment of foreclosure. The record reflects that Appellant failed to pay assessments and taxes due on its time share units for the year 1993. The record, including testimony by the general partner of Appellant, reflects evidence of the amount due, and there is no proof of payment or legal excuse for non-payment.
Appellant asserts that the association’s disputing for a time its title to the units caused it to lose rental income, but rather than asserting a claim or counterclaim against the association, it argues that those facts support a defense of estoppel, raising factual disputes sufficient to defeat the motion for summary judgment. However, the parties’ dispute as to title does not constitute a representation by the association on which Appellant relied, to its detriment. See Enegren v. Marathon Country Club Condominium West Ass’n, 525 So.2d 488 (Fla. 3d DCA 1988); Department of Revenue v. Hobbs, 368 So.2d 367 (Fla. 1st DCA), appeal dismissed, 378 So.2d 345 (Fla.1979). None of Appellant’s claims furnishes a legal defense to foreclosure.
Appellant also questions whether the taxes due to the association in 1993 are, in fact, 1992 taxes, with respect to which there is evidence of satisfaction. However, our review of the record satisfies us that the association’s claim is for unpaid 1993 taxes. Another issue raised as to circuit court jurisdiction is undisputedly resolved by Alexdex Corp. v. Nachon Enterprises, Inc., 641 So.2d 858 (Fla.1994).
AFFIRMED.
PARIENTE and SHAHOOD, JJ„ concur.