*722
 
 PER CURIAM.
 

 Rebekah Pariz appeals the trial court’s Amended Final Judgment awarding her a $385,000 equitable lien on real property located in Coral Gables, Florida, on her breach of fiduciary duty claim against the defendant Helen M. Colon, individually and as trustee of the Helen M. Colon Revocable Living Trust. We reverse and remand.
 

 We agree with Pariz that the trial court was under the erroneous impression that it could not order the transfer of title of the subject property to Pariz. The trial court had
 
 in rent
 
 jurisdiction over the property because the property was located in Miami-Dade County, Florida.
 
 See Ruth v. Dep’t of Legal Affairs,
 
 684 So.2d 181, 185 (Fla.1996). In addition, a court sitting in equity has the discretion to award specific performance.
 
 See Castigliano v. O’Connor,
 
 911 So.2d 145, 148 (Fla. 3d DCA 2005). Here, the trial court had the jurisdiction and discretion to order in the final judgment that the title to the subject property be conveyed to Pariz.
 
 See Alt. Dev., Inc. v. St. Lucie Club & Apartment Homes,
 
 608 So.2d 822 (Fla. 4th DCA 1992).
 

 Accordingly, we reverse the Amended Final Judgment and remand this cause to the trial court for reconsideration, in light of its
 
 in rem
 
 jurisdictional and equitable powers. The trial court is to reconsider, based on the evidence and equities presented, whether the appropriate remedy is to award Pariz the equitable lien on the property or whether title to the subject property should be transferred to Pariz. We further conclude Colon’s cross-appeal to be meritless.
 

 Reversed and remanded with instructions.