MAY, C.J.
It was a matter of counting numbers. What constituted a quorum and whether a quorum existed when a cooperative’s (Coop) Bylaws were amended form the focal point of this appeal. A unit owner appeals a final summary judgment in favor of the Co-op. He argues the Co-op’s board of directors violated the Bylaws because a quorum was not present when certain amendments were passed. We agree and reverse.
In January 2005, while the unit owner was in the process of buying a unit in the Co-op, the board president informed him that the board was considering changes to the Bylaws regarding the length of tenancies. On several occasions, the unit owner asked the board and the president to keep him apprised of whether any amendments were going to be passed.
The board sent out ballots for four proposed Bylaws changes; the votes were to be counted at the May 5, 2005 meeting. One of the four amendments included a provision to restrict the leasing of units to only six months per year.
The Bylaws provided for amendments to be made “at any duly called meeting of the members, provided ... three-fourths of the entire membership vote for the amendment at a called meeting, or give their consent thereto in writing.” “Fifty (50%) per cent [sic] of the total number of members of the corporation, present in person or represented by proxy, shall be requisite and shall constitute a quorum at all meetings of the members for the transaction of business.... ” The Co-op’s Certificate of Incorporation stated the Bylaws “shall only be altered, rescinded or amended with the approval of three-fourths of the entire membership obtained by written consent, or at a meeting called for such purpose.”
Thirty members needed to be present or represented by proxy to establish a quorum. At the May 5, 2005 meeting, fourteen unit owner representatives and six limited proxies attended. The Co-op’s unit owners submitted 51 absentee ballots. The board counted 53 votes (including the absentee ballots and in-person votes) in favor of amending the Bylaws, including the six-month lease limitation. The amendments passed.
The unit owner took title in September 2005 and sometime later learned about the amendments. In March 2009, the Co-op *940 sued to enjoin the unit owner from renting his unit to a tenant who had resided there for more than six months. The unit owner filed a Third Amended Counterclaim against the Co-op alleging, among other things, breach of fiduciary duty by enacting a lease restriction despite knowing it lacked the requisite quorum. The unit owner also sought declaratory relief with respect to the improperly passed amendment.
The unit owner moved for summary judgment on the declaratory judgment counterclaim. He argued the Co-op failed to legally amend its Bylaws because it did not follow either one of two procedures allowed: (1) adopting the amendments at a duly-called meeting; or (2) adopting the amendments by written consent of the Coop members. The trial court heard the motion and denied it. The trial court found the Bylaws were ambiguous, but that “this meeting was [called] unequivocally for a vote and the vote was accomplished by having people there in person, by proxy and by ballot.”
Subsequently, the Co-op moved for summary judgment on its injunctive relief claim and on the unit owner’s declaratory relief counterclaim. The unit owner filed a response and a cross-motion for summary judgment. At the hearing, the trial court ruled in favor of the Co-op on the unit owner’s counterclaim for declaratory relief, but denied the Co-op’s motion on its claim for injunctive relief.
From this adverse summary judgment, the unit owner now appeals.[1] He argues that the amendments were invalid because a quorum was not established at the meeting to vote on the amendments. The Coop responds that the absentee ballots could be counted towards a quorum, and therefore a quorum existed.
We have de novo review. Craven v. TRG-Boynton Beach, Ltd., 925 So.2d 476, 479 (Fla. 4th DCA 2006).
Three Bylaws provisions are relevant to the issue. They provide that a quorum of at least 50% of the total members of the corporation must be present “in person or represented by proxy” to conduct business at a meeting other than the annual meeting. “When a quorum is present at any meeting, the vote of a majority of the members present in person, or represented by proxy, shall decide any question brought before such meeting....” And, “[a]t any meeting of the members, every member having the right to vote shall be entitled to vote in person, or by proxy appointed by an instrument in writing subscribed by such member for such meeting.”
In this instance, only fourteen unit representatives were present along with six proxies for a total of twenty. Thii'ty members or proxies were required for a quorum. Without a quorum, the board was unauthorized to transact business. The trial court found these various provisions created an ambiguity and ruled for the Co-op. We disagree.
First, where language is ambiguous, the ambiguity should be “charged to the author/drafter of the language, not the party who relied upon it.” Enegren v. Marathon Country Club Condo. W. Ass’n, 525 So.2d 488, 490 (Fla. 3d DCA 1988). The Co-op authored the documents; therefore, any ambiguity must be construed against it and in favor of the unit owner.
*941 Second, “[i]n construing ... a declaration of condominium, words of common usage should be ... [given] their plain and ordinary sense.” Scudder v. Greenbrier C. Condo. Ass’n, 663 So.2d 1362, 1367 (Fla. 4th DCA 1995). And, third, “courts [are] to read provisions of a contract harmoniously in order to give effect to all portions thereof.” City of Homestead v. Johnson, 760 So.2d 80, 84 (Fla.2000).
We do not find the relevant provisions ambiguous. Here, the Bylaws required a quorum. The common usage of the term “quorum” requires the presence of individuals. Black’s Law Dictionary 1284 (8th ed. 2004). However, the Bylaws provided for both persons and proxies to be counted in determining the existence of a quorum. The Bylaws did not, however, provide for written votes to be construed either as proxies or for determining the existence of a quorum. If the Co-op’s suggested method of determining a quorum or counting votes was correct, no unit owner would bother finding a proxy if an absentee ballot would do.
Our reading of the Bylaws is supported by Florida Administrative Code Rule 61B-23.002(8), titled “Operation of the Association,” which states, “[f]or the purposes of establishing a quorum at any association meeting only the voting interests present in person or by proxy shall be counted. The written joinder or absentee ballot of a unit owner may not be utilized to establish a quorum.”
The Co-op argues, however, that other provisions of the Bylaws and the Articles of Incorporation allowed for amendments by “written consent.” Paragraph 58 of the Bylaws, entitled “Amendments of By-Laws,” provides:
These By-Laws may only be altered, amended or added to at any duly called meeting of the members, provided: 1) that the notice of meeting shall contain a full statement of the proposed amendment; 2) that three-fourths of the entire membership vote for the amendment at a called meeting, or give their consent thereto in writing....
The Articles of Incorporation provide: “[t]he By-Laws ... shall only be altered, rescinded or amended with the approval of three-fourths of the entire membership obtained by written consent, or at a meeting called for such purpose.”
A “ballot” is not a “written consent” under the Bylaws. A written consent must identify the person giving consent and include their signature. See § 617.0701(4)(a), Fla. Stat. (2005) (requiring that a “written consent” be signed and dated); see also Fla. Admin. Code R. 61B-78.001(4)(b) (“The written consent form utilized by the association must contain a space for the authorized voter to sign and must identify the unit owned.”). A ballot, however, is anonymous and the Co-op specifically described the document at issue as a “secret ballot.”
For these reasons, we reverse the summary judgment and remand for entry of a summary judgment in favor of the unit owner on his claim for declaratory relief and for further proceedings consistent with this opinion.

Reversed and Remanded.

TAYLOR and GERBER, JJ„ concur.

. Various counterclaims were subsequently dismissed in the trial court. Although one remains pending, it is a distinct and severable cause of action. We, therefore, have jurisdiction. See S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 99 (Fla.1974).